IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JEREMY M. CURLESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-00376-CV-W-WBG |
| | ) | |
| EVERGY METRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO STAY**

Pending are Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5) and Defendant's Motion to Stay Rule 26 and Other Deadlines (Doc. 11). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss and **DENIES AS MOOT** Defendant's motion to stay.

## I. BACKGROUND[1]

Plaintiff Jeremy M. Curless alleges his employer, Defendant Evergy Metro, Inc., violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Missouri Human Rights Act ("MHRA"). Doc. 1 at 2-4.[2] He claims Evergy treated him differently in early 2022 because of his religion, Christianity. *Id*. at 5-6. Curless avers he could not comply with Evergy's COVID-19 safety standards, which required wearing a face mask, "due to [his] sincerely held religious

---

[1] Plaintiff's Complaint (Doc. 1) provides the information in this section. At this stage, Plaintiff's allegations must be accepted as true and viewed in the light most favorable to him. *See infra*, section II.

[2] The Court notes the Complaint is unsigned, and therefore, it violates Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record . . . – or by a party personally if the party is unrepresented."). Rule 11 also requires the Court strike the unsigned pleading "unless the omission is promptly corrected after being called to the . . . party's attention." *Id*. The Court overlooks Curless's failure to sign the Complaint and reaches the merits of the pending motion to dismiss.

beliefs." *Id*. at 6; Doc. 1-1 at 1.[3] On January 13, 2022, he informed Evergy he could not comply with the requirement and requested an accommodation. Doc. 1 at 6; Doc. 1-1 at 1. On January 21, 2022, Curless submitted additional paperwork as requested by Evergy's Human Resources Department. Doc. 1 at 6.

On the morning of January 25, 2022, Curless met with Evergy's Human Resources Department. Doc. 1 at 6. He was told a decision regarding his accommodation request would be made in three to five business days. *Id*. On the afternoon of January 25, 2022, Curless "was given a verbal warning in writing . . . for safety violations, unsatisfactory behavior, and violation of company rules/policies" related to the COVID-19 safety standards. Doc. 1 at 6; Doc. 1-1 at 1.

On January 28, 2022, Evergy offered Curless an accommodation: he could wear a face shield, instead of a face mask. Doc. 1-1 at 1. Curless informed Evergy he could not wear "any face covering" because it violated his "sincerely held religiously beliefs." *Id*. Evergy indicated the requested accommodation created an undue hardship and placed Curless on leave. *Id*.

On June 2, 2023, Curless filed this lawsuit against Evergy alleging he was denied a reasonable accommodation and was suspended because of his religious beliefs. Doc. 1. On September 19, 2023, Evergy moved to dismiss Curless's Complaint arguing it fails to state a claim of religious discrimination. Docs. 5-6. Curless did not timely respond to Evergy's motion. On October 16, 2023,[4] the Court issued an Order directing Curless to respond to Evergy's motion by October 30, 2023. Doc. 10. The Court informed Curless that if he failed to file his response by October 30, 2023, "the Court will deem Defendant's motion ripe for consideration and issue a ruling in due course." *Id*. To date, the Court has not received a response from Curless.

---

[3] The Complaint refers to a Charge of Discrimination ("Charge") that Curless filed with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights. Doc. 1 at 4. The Charge is also attached to his Complaint. Doc. 1-1 at 1. The Court is permitted to consider the Charge. *See infra*, section II.

[4] On October 16, 2023, the Court was notified both parties consented to the undersigned's jurisdiction. Docs. 9, 9-1.

2

Also pending is Defendant's motion to stay deadlines the Court set in its Rule 16 Order. Docs. 11-12. Curless did not respond to this motion, and the time for doing so has passed. L.R. 7.0(c)(2). Therefore, Defendant's motion to stay is also ripe for consideration.

## II. MOTION TO DISMISS

### A. Legal Standard

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading standard is not satisfied when a pleading contains mere "labels and conclusions," "formulaic recitation of the elements" of a claim, or "naked assertion[s]" lacking "further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient facts, when accepted as true, makes relief plausible on its face. *Iqbal*, 556 U.S. at 678. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits [of the claim] is more than a 'sheer possibility.'" *Knowles v. TD Ameritrade Holding Corp*., 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id*. at 757 (quoting *Braden*, 588 F.3d at 594). Relevant here, although the Court liberally construes a pro se complaint, a pro se complaint "must contain specific facts supporting [the plaintiff's] conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted).

Generally, courts may not consider matters outside of the pleading when ruling on a Rule 12 motion to dismiss. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). However, courts must read a complaint and a charge of discrimination together. *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012) (citing Fed. R. Civ. P. 10(c)). Additionally, courts may consider some materials that are part of the public record, which includes a charge of discrimination. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (citation omitted).

Several tenets apply when considering a motion to dismiss. First, a court must accept all factual allegations made in the complaint as true. *Braden*, 588 F.3d at 594. Second, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id*. Third, all inferences are drawn in the light most favorable to the non-moving party. *Id*. at 595 (observing "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice."). Fourth, at the pleading stage, there is no requirement for direct evidence, and factual allegations may be circumstantial. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015). Finally, evaluating a complaint is context specific, and a court must "draw on its judicial experience and common sense" when considering a motion to dismiss. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 679).

**B.     Discussion**

While, at the pleading stage, a plaintiff does not need to plead facts establishing a prima facie claim, the elements of a prima facie claim "are part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (citation omitted). To demonstrate a religious discrimination claim based on failure to provide a reasonable

accommodation, a plaintiff must show (1) he has a bona fide religious belief that conflicts with an employment requirement, (2) he informed his employer of his belief, and (3) he suffered an adverse employment action for failing to comply with the requirement. *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003) (citations omitted)[5]; *see also Boyd v. Lowe's Cos.*, No. 4:21-CV-00417-DGK, 2023 WL 2507593, at *9 (W.D. Mo. Mar. 14, 2023) (citation omitted); *Sedalia No. 200 Sch. Dist. v. Mo. Comm'n on Human Rights*, 843 S.W.2d 928, 930 (Mo. Ct. App. 1992). Evergy argues Curless fails to sufficiently plead facts supporting the first and third elements of a religious discrimination claim. Doc. 6 at 4-7.

Curless must plead sufficient facts demonstrating, among other things, he has a bona fide religious belief, and his bona fide religious belief conflicted with Evergy's mask wearing policy. *See Jones*, 319 F.3d at 359 (citation omitted); *Cowan v. Strafford R-VI Sch. Dist.*, 140 F.3d 1153, 1160 (8th Cir. 1998) (Hansen, J., concurring) (citations omitted).[6] Simply setting forth "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions" in the form of factual allegations does not satisfy the pleading requirements. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citation omitted). And courts are "free to ignore" such conclusions and inferences. *Id*.

Here, Curless, who states his religious affiliation is Christian, alleges his "sincerely held religious beliefs" would not allow him to comply with Evergy's mask wearing policy, the "mask

---

[5] After the Eighth Circuit decided *Jones*, the Supreme Court lowered the standard required for a Title VII claim for religious accommodation. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015). It held an employer does not have to possess actual knowledge of the need for an accommodation. *Id*. "[A]n employer who acts with the motive of avoiding accommodation may violate Title VII even if he has no more than an unsubstantiated suspicion that accommodation would be needed." *Id*. Here, Curless alleges he informed the employer of his religious beliefs. Doc. 1 at 6. Thus, the Court need not address the lower standard related to an employer's knowledge.

[6] When analyzing MHRA claims, Missouri courts "are guided by both Missouri law and applicable federal employment discrimination cases." *Bracely-Mosley v. Hunter Eng'g Co.*, 662 S.W.3d 806, 815 (Mo. Ct. App. 2023) (citation omitted).

requirement violated [his] religious beliefs," and "any face covering would violate [his] sincerely held religious beliefs."  Doc. 1 at 6; Doc. 1-1 at 1.  Curless does not articulate or describe any particular belief he maintains.  And he does not aver how or why his religious belief conflicted with Evergy's policy.

Courts throughout the country have dismissed failure to accommodate religious discrimination where the plaintiff asserted similar allegations.  When a plaintiff references his or her religious belief but fails to include any factual details about the religious belief, courts have dismissed the plaintiff's claim.  *See, e.g.*, *Pedreira v. Ken. Baptist Homes for Child., Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal of a religious discrimination claim because the plaintiff failed to allege "any particulars about her religious beliefs . . . or her religious differences" with her employer); *Kosenka-Pistell v. Cook Cnty.*, No. 1:23-CV-1462, 2023 WL 6936800, at *1 (N.D. Ill. Oct. 3, 2023) (dismissing a religious discrimination claim because, among other things, the plaintiff did "not identify any religious 'observance or practice'") (citation omitted); *Divine Equal. Righteous v. Overbrook Sch. for the Blind*, No. CV 23-846, 2023 WL 4763994, at *4-5 (E.D. Pa. July 26, 2023) (dismissing the plaintiffs' religious discrimination claims because they failed to allege the nature of their religious beliefs); *Rogers v. Neb. Urb. Indian Health Coal., Inc.*, No. 8:22-CV-410, 2023 WL 2990720, at *5 (D. Neb. Apr. 18, 2023) (holding a "nondescript and cursory reference to 'religious beliefs' without any accompanying factual detail" required dismissal of the religious discrimination claim) (citation omitted).

Many courts have dismissed failure to accommodate religious discrimination claims because the plaintiffs failed to allege how or why their religious beliefs conflicted with an employment policy.  *See, e.g.*, *Daniel v. Honeywell Int'l Inc.*, No. 22-CV-3184 (ECT/DLM), 2023 WL 6392404, at *4 (D. Minn. Oct. 2, 2023) (dismissing the plaintiff's religious discrimination

claim because he did not allege "why or how" his employer's testing protocols violated his religious beliefs); *Kiel v. Mayo Clinic Health Sys. Se. Minn.*, No. CV 22-1319 (JRT/ECW), 2023 WL 5000255, at *8 (D. Minn. Aug. 4, 2023) (dismissing a plaintiff's failure to accommodate claim because she did not "tie her opposition to the vaccine to any particularized religious belief"); *Lawhead v. Brookwood Mgmt. Co.*, No. 5:22-CV-00886-JRA, 2023 WL 2691718, at *3-4 (N.D. Ohio Mar. 29, 2023) (dismissing a plaintiff's religious discrimination claim because she failed to allege any information showing her sincerely held religious beliefs restrained her from administering COVID-19 vaccines); *Federoff v. Geisinger Clinic*, 571 F. Supp. 3d 376, 387-88 (M.D. Pa. 2021) (dismissing the plaintiffs' religious discrimination claims because, *inter alia*, they failed to provide any information about their beliefs and why the employer's policy violated their Christian faith).

When construing all factual allegations in Curless's Complaint as true and drawing all inferences in the light most favorable to Curless, the Court finds the Complaint contains insufficient factual detail to state a claim of religious discrimination based on failure to accommodate. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Curless's Complaint, and therefore, **DISMISSES** this lawsuit.[7]

### III. MOTION TO STAY

On September 20, 2023, the Court issued an Order setting deadlines for, among other things, the parties' Rule 26(f) conference. Doc. 7. While its motion to dismiss was pending, Evergy moved to stay the Court's deadlines. Doc. 11. Because the Court has granted Evergy's

---

[7] Because the Court concludes Curless fails to sufficiently allege facts related to his bona fide religious beliefs and how or why his religious beliefs conflicted with Evergy's policy, it is unnecessary for the Court to consider Evergy's additional argument that Curless failed to sufficiently plead facts related to his disparate treatment.

motion to dismiss and is dismissing this matter, it is unnecessary for the parties to comply with those deadlines. Thus, the Court **DENIES AS MOOT** Evergy's motion to stay deadlines.

## IV. CONCLUSION

As set forth above, the Court **GRANTS** Evergy's motion to dismiss, **DISMISSES** this matter, and **DENIES AS MOOT** Evergy's motion to stay deadlines.

IT IS SO ORDERED.

DATE: December 11, 2023  /s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE